2000 ND 121

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**James E. MARTIN, Defendant and Appellant.**

**No. 990255.**

Supreme Court of North Dakota.

June 8, 2000.

Linda L. Hickman, Williston, for plaintiff and appellee.

Thomas K. Schoppert, Schoppert Law Firm, Minot, for defendant and appellant.

VANDE WALLE, Chief Justice.

[¶ 1] James Martin appealed from a judgment finding him guilty of driving under the influence of intoxicating liquor. Martin argues he is entitled to a new trial because the Williams County jury panel selection process was not random. We affirm.

[¶ 2] After being charged in Williams County with driving under the influence, Martin was found guilty by a jury in July 1999. Before trial, Martin objected to the ratio of men to women that constituted the jury panel and moved to reconstitute the panel or for a continuance to reconstitute the panel. Martin specifically requested

ten women be randomly removed and ten men be randomly called to "cure" the gender imbalance. The district court denied Martin's motion. Martin does not directly challenge that denial in this appeal.

[¶ 3] The Uniform Jury Selection and Service Act, found at Chapter 27–09.1, N.D.C.C., provides standards relating to jury selection. It also authorizes the "supreme court of this state" to "make and amend rules, not inconsistent with this chapter, regulating the selection and service of jurors." N.D.C.C. § 27–09.1–18. This Court has promulgated Rule 9, N.D.Admin.R., which provides in part:

> The State Court Administrator, after consultation with the Jury Standards Committee, shall file a jury selection plan with the Clerk of the North Dakota Supreme Court. The plan shall detail the procedures to be followed in selecting and managing jurors in order to implement the policies set forth in Chapter 27–09.1 N.D.C.C.

N.D.Admin.R. 9(3). All courts conducting jury trials are to obtain jury panels in the manner prescribed by this jury selection plan. N.D.Admin.R. 9(2).

[¶ 4] Williams County accomplishes jury selection by creating a randomized master list of potential jurors every two years. The County compiles a list of individuals from those who have voted and from those who have driver's licenses. From this list, a randomized list of approximately 300 persons is created by computer. Jurors needed for service are then called sequentially starting at the top of the list and going to the bottom.

■ [¶ 5] Martin argues the process of jury selection used by Williams County was not random, and thus the jury's verdict should be overturned. We review whether the Williams County jury panel selection process is random under the de novo standard of review. *State v. Torgerson*, 2000 ND 105, ¶ 3 (finding whether the Burleigh County jury panel selection process is random is a conclusion of law or mixed question of law and fact reviewed under the de novo standard). Martin must demonstrate a substantial failure by Williams County to comply with Chapter 27–09.1, N.D.C.C. *See* N.D.C.C. § 27–09.1–12(2).

■ [¶ 6] In arguing Williams County's jury selection was not random, Martin cites Standard 3 of the Standards Relating to Juror Selection, which are found in the appendix to the North Dakota Jury Selection Plan.[1] Standard 3 reads:

(a) Random selection procedures shall be used throughout the juror selection process. Any method may be used, manual or automated, that provides each eligible and available person with an equal probability of selection.

(b) Random selection procedures shall be employed in

(i) Selecting persons to be summoned for jury service;

(ii) Assigning prospective jurors to panels; and

(iii) Calling prospective jurors for voir dire.

Martin concedes the selection of the juror pool under subsection (i) was random and the calling of prospective jurors for voir dire under subsection (iii) was random. However, Martin argues random selection procedures were not employed in assigning jurors to panels as required by subsection (ii), because Williams County did not randomly pick jurors for a jury panel from the random list, but instead called jurors for service sequentially in the order of the randomized list.

[¶ 7] Standard 3, which Martin relies on, does not specifically require counties to

---

1. The Jury Selection Plan "attempts to incorporate, to the greatest degree possible, the North Dakota Jury Use and Management Standards...." Section 1, *North Dakota Jury Selection Plan.* The Standards are not made part of the plan. If the two conflict, the Plan controls.

**898**

randomize twice, i.e., randomly pick the jury panel from the already randomized jury pool list. The North Dakota Jury Selection Plan itself is more specific in its description of the juror selection process. It provides in part, "the randomized master list of prospective jurors should be used sequentially from the top of the list to the bottom." Williams County closely followed this procedure by calling jury panels sequentially from the randomized master list by starting at the top and going to the bottom.

[¶ 8] We recently traversed similar terrain in *Torgerson*. Torgerson challenged whether Burleigh County's jury selection process was random. We affirmed Torgerson's conviction because no prejudice or systematic exclusion was demonstrated to establish "a substantial failure to comply with [Chapter 27–09.1]." *Id.* at ¶ 16; *see* N.D.C.C. § 27–09.1–12(2). Neither has Martin presented facts that show a cognizable group was excluded in jury selection. While Martin points to the fact significantly more women than men were on the jury panel, he offers no evidence to demonstrate a link between taking jury panels sequentially from the randomized master list and the exclusion of men from the panel. *See Torgerson*, at ¶ 11 (stating "'appellant offered no evidence below showing a link between ownership of a telephone at one's residence and membership in the classes appellant asserts were excluded'") (quoting *Singleton v. A.L. Lockhart*, 871 F.2d 1395, 1399 (8th Cir. 1989)).

[¶ 9] The Williams County process specifically complies with the North Dakota Jury Selection Plan; it is also numerical and there is no systematic exclusion of a protected group. *See Torgerson*, at ¶ 15. Martin has failed to establish "a substantial failure to comply with [Chapter 27–09.1]." *See* N.D.C.C. 27–09.1–12(2).

[¶ 10] We affirm.

[¶ 11] DALE V. SANDSTROM, WILLIAM A. NEUMANN, MARY MUEHLEN MARING, CAROL RONNING KAPSNER, JJ., concur.